IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>) Crim. No. 5:20cr00003<br>v. )<br>) **REPORT & RECOMMENDATION**<br>GARY WAYNE WOODSON, )<br>  Defendant. ) By:   Joel C. Hoppe<br>) United States Magistrate Judge | |

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). The defendant waived his right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On June 16, 2020, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by his plea and will have no right to withdraw it. The defendant stated that he understood the Court's admonishments. The attorney for the Government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and his counsel agreed that those in fact were the terms of the

agreement. The defendant further stated that the plea agreement had been read to him,[1] he had reviewed it with his counsel, and he understood it. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that the statement of facts was read to him, he discussed it with his attorney, and he directed his attorney to sign it for him. He agreed that the statement of facts was accurate and did not contest those facts. The statement of facts presents the following:

From a time not later than May or June 2018, the defendant began purchasing methamphetamine from Keith Conley and Kelly Dudley. Until December 17, 2018, the defendant purchased between 3.5 grams and 28 grams of methamphetamine from them. He also traveled with Conley and Dudley to Georgia to purchase large amounts of methamphetamine that Conley and Dudley supplied to street-level dealers in and around Harrisonburg, Virginia. On December 7, 2018, the defendant sold .3071 grams of methamphetamine to a confidential informant. On December 17, 2018, a confidential informant bought 3.97 grams of methamphetamine from the defendant for $360 in prerecorded funds. The defendant left in a

---

[1] The defendant testified that he was unable to read or write.

taxicab. Law enforcement officers stopped the cab and searched the defendant. They seized 4.25 grams of methamphetamine, the $360 in prerecorded funds, and a digital scale. Later that evening, the defendant conducted a controlled buy from Conley and Dudley at their hotel room. He purchased 8.11 grams of methamphetamine from Dudley with prerecorded funds while Conley lay on the bed. Dudley's two minor children were in the room. Law enforcement executed a search warrant on the hotel room later and discovered 13.458 grams of methamphetamine, a firearm, digital scales, cash, and the prerecorded funds.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charges of conspiracy to distribute and to possess with the intent to distribute 5 grams or more of methamphetamine. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to Count One of the Indictment, knowingly and intentionally conspiring to distribute and to possess with the intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (incorporating 21 U.S.C. § 841(a)(1) and (b)(1)(B)).

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the district judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The Defendant has been detained and did not seek release.

Because this Report and Recommendation recommends finding, rather than actually finds, the defendant guilty of the controlled substance offense, the mandatory detention provision of § 3143(a)(2), which is based on the nature of the offense, does not apply at this time. The undersigned magistrate judge is not aware of any evidence supporting a finding under § 3143(a)(2)(A).

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: June 17, 2020

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge